IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRITTANY WRIGHT, § § Plaintiff, § § v. § § A&O ENTERPRISES, INC, § § Defendant. § | § § § § § Case No. 3:25-cv-00080-S § § § § |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff Brittany Wright's Motion for Default Judgment (ECF No. 12), which the District Judge referred to the undersigned for findings and a recommendation (ECF No. 13). For the reasons explained below, the District Judge should **DENY** the Motion.

### Background

On January 13, 2025, Plaintiff filed this copyright infringement action against Defendant A&O Enterprises Inc. *See* Compl. ¶ 1 (ECF No. 1). Defendant has not appeared, answered, or otherwise responded to the lawsuit. In May 2025, the Clerk entered a default against Defendant (ECF No. 11), and on June 17, 2025, Plaintiff moved for entry of a default judgment (ECF No. 12).

In her Complaint, Plaintiff alleges that Defendant is a Texas corporation whose owner and registered agent is "Aaron Roberts, located at 5050 Quorum Drive, Suite 700, Dallas, Texas 75254." *See* Compl. ¶ 3. On January 14, 2025,

1

Plaintiff attempted to effect service on Defendant through its registered agent, "Aaron Jones," at "505 Quorum Drive" but learned that Defendant was no longer a tenant at the Quorum Drive location and had "been gone for over a year." *See* Mot. Ext. Time to Serve ¶ 4 (ECF No. 7); *id.* at Rothman Decl. ¶ 6 (ECF No. 7-1); Mot. Def. J. 3 (ECF No. 12).

Plaintiff's process server then made several unsuccessful attempts to serve Defendant through its registered agent at various other addresses. *See* Mot. Def. J. at 3–5 (ECF No. 12); *see also* Mot. Ext. Time to Serve at Ex. 1, Camplen Decl. Diligence (ECF No. 7-2); *id.* at Ex. 4, Buskirk Decl. Diligence (ECF No. 7-5). Plaintiff moved for, and was granted, additional time to serve Defendant. *See* Order (ECF No. 8).

Plaintiff asserts that, on April 14, 2025, she served Defendant "via personal service, by serving Minnie Barnhart, who is authorized to accept service," and points to the Return of Service (ECF No. 9) as proof. *See* Mot. Def. J. at 5 (emphasis added).

But the Return of Service does not establish personal service on Defendant; rather, the Return of Service states that the summons and complaint was served on Defendant, "c/o Secretary of State," and that process was left with "Minnie Barnhart, Authorized to Accept Service – Texas Secretary of State." *See* Return of Service (ECF No. 9). Furthermore, the actual certificate from the Secretary of State itself—more commonly known as a *Whitney* certificate—proving that process was served on Defendant is not in the record.

## Legal Standard

Rule 55 governs the entry of default and default judgment. *See* Fed. R. Civ. P. 55. Three steps are required to obtain a default judgment: (1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment by the court. *See, e.g.*, *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). A "default" (step one) occurs when a defendant has failed to plead or otherwise respond within the time required by the Federal Rules of Civil Procedure. *Id.* The Clerk will "enter a default" (step two) when the party's default is established by an affidavit or otherwise. *Id.* (citing Fed. R. Civ. P. 55(a)). And finally, after the clerk's entry of default, a plaintiff may apply to the court for a "default judgment" (step three). *Id.*

But a court may not enter a default judgment unless it has personal jurisdiction over a defendant. *Certain Underwriters at Lloyd's v. Moral Transp., LLC*, 2021 WL 2598690 (N.D. Tex. June 4, 2021) (Rutherford, J.), *rec. adopted*, 2021 WL 2589691 (N.D. Tex. June 23, 2021) (Kinkeade J.). And "a federal court lacks personal jurisdiction over a defendant unless the defendant was served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure." *Dan-Bunkering (Am.), Inc. v. Ichor Oil, LLC*, 561 F. Supp. 3d 710, 714 (N.D. Tex. 2021) (Scholer, J.). Under Rule 4, a plaintiff may effectuate service of process "in any manner permissible within the forum state." *Id.* (citing Fed. R. Civ. P. 4(e)). Thus, the Court must evaluate propriety of service under Texas law. *Id.* (citing *Thompson v. Deutsche Bank Nat'l Trust Co.*, 775 F.3d 298, 303 (5th Cir. 2014)).

"Texas law requires 'that strict compliance with the rules for service of process affirmatively appear on the record in order for a default judgment to withstand a direct attack.'" *Id.* (quoting *Primate Const., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994)). Texas law does not create presumptions in favor of valid issuance, service, or return of citation. *Id.* (citing *Primate Const.*, 884 S.W.2d at 152). Nor does it allow inferences regarding jurisdictional facts. *Id.* (citing *Allodial Ltd. P'ship v. Susan Barilich, P.C.*, 184 S.W.3d 405, 408 (Tex. App.—Dallas 2006, no pet.). Therefore, at the time default judgment is entered, the record must affirmatively show that "citation was properly served." *See id.* (citing *Le Nguyen v. Lopez*, 582 S.W.3d 468, 471 (Tex. App.—Amarillo 2018), *opinion modified on reh'g,* 2018 WL 5093286 (Tex. App.—Amarillo Oct. 18, 2018) (en banc).

Texas law permits service on a Texas corporation through the Texas Secretary of State only if the record affirmatively shows "the registered agent cannot with reasonable diligence be found at the registered office." Tex. Bus. Orgs. Code § 5.251(1)(B); *see also Nat'l Multiple Sclerosis Soc'y v. Rice*, 29 S.W.3d 174, 176 (Tex. App.—Eastland 2000, no pet.).

If substituted service on a corporation is permitted, a plaintiff may effectuate service by "delivering duplicate copies of the process" to the Secretary of State and paying the required fee. Tex. Bus. Orgs. Code § 5.252(a). The Secretary then forwards the process to the corporation and issues a certificate of service. *Id.* at § 5.253. This certificate of service, called a *Whitney* certificate, "conclusively establishes that process was served" and is "essential to establish the jurisdiction

4

of the court over the defendants' persons." *See Dan-Bunkering*, 561 F. Supp. 3d at 715; *See Whitney v. L & L Realty Corp.*, 500 S.W.2d 94, 96 (Tex. 1973). Without a *Whitney* certificate in the record, a court lacks personal jurisdiction over a defendant and cannot enter a default judgment. *See id*.

## Analysis

In her Motion for Default Judgment, Plaintiff asserts that, on April 14, 2025, Defendant was served "*via personal service*, by serving Minnie Barnhart, who is authorized to accept service," and points to the Return of Service (ECF No. 9) as proof. *See* Mot. Def. J. at 5 (emphasis added). But the Return of Service states that process was served on A&O Enterprises Inc, "c/o Secretary of State," and that process was left with "Minnie Barnhart, Authorized to Accept Service – Texas Secretary of State." *See* Return of Service (ECF No. 9). The Return of Service, therefore, does not establish that Defendant was "personally served," but rather that Defendant was served via substituted service on the Texas Secretary of State. *C.f.* Tex. Rule Civ P. 106(a) (setting forth methods of personal service under Texas law); *See* Tex. Bus. Orgs. Code § 5.251(1)(B) (permitting substituted service on Texas Secretary of State). Nevertheless, the record before the Court establishes that Plaintiff exercised due diligence in trying to serve Defendant, could not do so, and could therefore effect service through the Secretary of State. *See* Tex. Bus. Orgs. Code § 5.251(1)(B).

Absent from the record, however, is the actual certificate from the Secretary of State (the *Whitney* Certificate) proving that service was completed. *See*

5

*Whitney*, 500 S.W.2d at 96. Instead, the record contains only a declaration from Plaintiff's process server stating that process was left with the Secretary of State. That declaration does not certify that the citation was forwarded to Defendant, and Texas law does not permit the Court to presume proper service. *See Primate Const.*, 884 S.W.2d at 152. Thus, without a *Whitney* certificate from the Secretary of State, the record here lacks proof of proper service. *See Whitney*, 500 S.W.2d at 96. And without proof of service, this Court lacks personal jurisdiction over Defendant and cannot enter a default judgment. *See id.*; *see also Dan-Bunkering*, 561 F. Supp. 3d at 714.

## Recommendation

For the reasons stated, the undersigned **RECOMMENDS** the District Judge **DENY** Plaintiff's Motion for Default Judgment.

**SO RECOMMENDED**.

November 24, 2025.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will

bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).